UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEROME DERRELL ROBERTSON,

 Plaintiff,

  v.

JANICE WEST,

 Defendant.

CAUSE NO. 3:19-CV-1004-JD-MGG

OPINION AND ORDER

Jerome Derrell Robertson is a prisoner who filed a complaint without a lawyer and seeks leave to proceed in forma pauperis. However, Robertson is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Robertson has three strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

---

[1] (1) *Robertson v. Spears*, 1:15-CV-1405 (S.D. Ind. filed September 3, 2015), dismissed December 4, 2015, for failure to state a claim;
 (2) *Robertson v. Spitzer*, 3:18-CV-609 (N.D. Ind. filed August 7, 2018), dismissed October 17, 2018, pursuant to 28 U.S.C. § 1915A because the amended complaint sought money damages against a defendant who was immune from such relief; and
 (3) *Robertson v. Sevier,* 3:18-CV-637 (N.D. Ind. filed August 14, 2018), dismissed August 24, 2018, for failure to state a claim.

In this case, Robertson is attempting to sue Nurse Janice West for $600,000 because she did not give him a single dose of medication on the evening of September 10, 2019. This allegation does not plausibly allege that he is now in imminent danger of serious physical injury.

Nonetheless, Robertson filed this complaint without paying the filing fee. He seeks leave to proceed in forma pauperis even though he knew he was struck out:

> 1. On December 17, 2018, he was told he had struck out and could not proceed in forma pauperis unless he was in imminent danger of serious physical injury. *Robertson v. Nevels*, 3:18-CV-1008 (N.D. Ind. filed December 13, 2018), ECF 3.
>
> 2. On January 14, 2019, he was told he had struck out and could not proceed in forma pauperis unless he was in imminent danger of serious physical injury. *Robertson v. Sevier*, 3:19-CV-23 (N.D. Ind. filed 10, 2019), ECF 2.
>
> 3. On May 9, 2019, he was told he had struck out and could not proceed in forma pauperis unless he was in imminent danger of serious physical injury. *Robertson v. Carter*, 3:19-CV-147 (N.D. Ind. filed March 4, 2019), ECF 10.

Robertson has been told three times he has struck out and cannot proceed in forma pauperis unless he is in imminent danger of serious physical injury. He knows he must pre-pay the $400 filing fee unless he files a complaint clearly alleging he is in imminent danger of serious physical injury.

The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis

after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Robertson restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Neither does it restrict him from litigating any of his other four pending lawsuits in this court including the one where he has alleged that he is in imminent danger of serious physical injury.

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) DENIES Jerome Derrell Robertson leave to proceed in forma pauperis (ECF 2);

3

(3) ORDERS the plaintiff, **Jerome Derrell Robertson, IDOC # 894086**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(5) DIRECTS the clerk of court to return, unfiled, any papers filed in any cases except

**3:18-cv-522-DRL-MGG,**

**3:18-cv-586-DRL-MGG,**

**3:19-cv-910-PPS-MGG,**

**3:19-cv-00938-DRL-MGG**

by or on behalf of Jerome Derrell Robertson (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(7) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on November 7, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT